IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-06020 |
| | ) | |
| ERNESTINE B. BECK-FULGHAM, both | ) | Honorable Judge Lindsay Jenkins |
| ind. and in her official capacities as Village | ) | |
| Manager, JOSEPH ROUDEZ III, both | ) | Magistrate Judge Maria Valdez |
| Ind. and his official capacities as Mayor, and | ) | |
| UNIVERSITY PARK, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
PARTIAL MOTION FOR SUMMARY JUDGMENT**

NOW COME Ernestine B. Beck-Fulgham, Joseph Roudez and the Village of University Park, by and through their attorneys, Odelson, Murphey, Frazier & McGrath, LTD., and respond to Plaintiff's Partial Motion for Summary Judgment as follows:

**Introduction**

Deborah Wilson ("Plaintiff" or "Wilson") filed a twelve (12) count First Amended Complaint against the above-named Defendants after she was terminated as Police Chief of the Village of University Park. [**Dkt. # 020**: Plaintiff's First Amended Complaint]. Defendants are seeking summary judgment in their favor as to all twelve (12) counts. [**Dkt. # 058**: Defendants' Motion for Summary Judgment]. Plaintiff has filed a cross-motion for partial summary judgment as to Counts III and IV alleging due process violations against former Village Manager Ernestine Beck-Fulgham ("Beck-Fulgham" or "Village Manager") and the Village of University Park

1

("Village"). [**Dkt. # 060:** Plaintiff's Motion for Partial Summary Judgment]. Wilson devotes the majority of her memorandum of law in support of her partial motion for summary judgment to the procedures that were due Wilson, without providing any meaningful analysis as to the threshold issue of her property interest. Plaintiff summarily assumes she has a property interest in her position as Chief of Police and somehow also as a police officer. Plaintiff has failed to satisfy her burden in establishing a property interest in continued employment. Accordingly, summary judgment should be denied as to Plaintiff and granted as to Defendants.

### I. Plaintiff has failed to establish a protected property interest in continued employment as the Chief of Police of the Village of University Park.

A plaintiff alleging a due process violation bears the burden of demonstrating that they had a property interest in their job, arising either out of a statute or regulation or from a contract with a public entity. *Kreig v. Seybold*, 481 F.3d 512, 519 (7th Cir. 2007). Wilson recognizes she must point to a specific ordinance, state law, contract or understanding that limits the ability of the board to discharge her. [**Dkt # 060**, pg. 7]. She does not, however, identify the source of her purported property interest with any specificity. Wilson appears to rely upon the *Bradley II* opinion and certain Illinois Municipal Code Sections as the sources of her protected property interest. None of these provide Wilson with the constitutional protections of due process.

#### *(1) The Bradley II decision does not create a protected property interest for Plaintiff.*

Wilson points to the case of *Bradley v. Vill. Of Univ. Park* (*Bradley II*) as a potential source of her property interest. This reliance is flawed as the touchtone of *Bradley II* was the defendants' *concession* that former University Park police chief Bradley had a property interest in his job as Chief of Police. *Bradley v. Vill. Of Univ. Park, Illinois*, 59 F.4th 887, 893 (7th Cir. 2023). The Seventh Circuit's analysis focused on whether the Village waived the argument that

Bradley had a protected property interest, not whether such interest existed under the law. *Id*. at 895 – 903. The Court did not analyze any statute, ordinance or contract but relied solely upon the Village's concession. No such concession or waiver has ever been made in this case. Accordingly, any reliance on the *Bradley II* opinion is misplaced.

### (2) The Illinois Municipal Code does not create a protected property interest for Plaintiff.

The Seventh Circuit has reiterated time and again that termination procedural rights do not give rise to a property interest in continued employment under the Fourteenth Amendment. *Miyler v. Vill. Of E. Galesburg*, 512 F.3d 896, 898 (7th Cir. 2008) ("A statute or ordinance that merely provides procedures to be followed does not create a substantive right"); *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009) ("Procedural guarantees, whether relied on or not, do not establish property interest protected under the Fourteenth Amendment's Due Process Clause"); *Catinella v. Cnty of Cook, Illinois*, 881 F.3d 514, 518 (7th Cir. 2018) (manual or policy specifying pre-termination procedures does not create an enforceable property right). Each Illinois Municipal Code provision cited by Plaintiff has been determined to provide only procedural rights, not the protections of due process.

Sections 10-2.1-4 and 10-2.1-17 of the Illinois Municipal Code both state, "*If the chief of the fire department or the chief of the police department or both of them are appointed in the manner provided by ordinance, they may be removed or discharged by the appointing authority. In such case the appointing authority shall file with the corporate authorities the reasons for such removal or discharge, which removal or discharge shall not become effective unless confirmed by a majority vote of the corporate authorities.*" **65 ILCS 5/10-2.1-4; 65 ILCS 5/10-2.1-17**. This language has been analyzed by this Court and determined to provide only

procedural requirements, not a protected property interest. *Burge v. Rogers*, No. 13 CV 6399, 2015 WL 4692421, at *3.

Section 3.1-35-10 of the Illinois Municipal Code applies to the removal procedures for appointed officers. The Village of University Park operates as a managerial form of government under Article 5 of the Illinois Municipal Code. (**Dkt. 021** ¶ 9). Appointments and removals are therefore governed by Section 5-3-7, not Section 3.1-35-10. ("If there is a conflict between any provision in this Article 3.1 and any provision in Article 4 or 5, the provision of Article 4 or 5, as the case may be, shall control." **65 ILCS 5/3.1-5-5**). Section 5-3-7 mimics the language of 65 ILCS 5/10-2.1-4 and 10-2.1-17, which provide only procedural guarantees. Even if Section 3.1-35-10 were to apply in this case, the Seventh Circuit has ruled that it does not create a substantive right. *Miyler*, 512 F.3d at 898.

Curiously, Plaintiff does not cite to the Village municipal code section that governs the removal of the police chief. The removal of a police chief in University Park is governed by Section 220-05 of the Village Municipal Code which states, in pertinent part, "The Manager may remove or discharge [the police chief], but only after having reported the reasons for that action to the Village Board and having the Village Board confirm the Manager's decision." (Defs' Resp. PSOF Ex. 1). This Court analyzed the language of Section 220-05 and determined it does not include any "for cause" requirement and does not establish a property interest in the police chief's continued employment. *Bradley v. Vill. of Univ. Park*, No. 1:15-CV-08489, 2022 WL 18584991, at *10 (N.D. Ill. Apr. 25, 2022), *aff'd in part, rev'd in part and remanded sub nom. Bradley v. Vill. of Univ. Park, Illinois*, 59 F.4th 887 (7th Cir. 2023). As explained above, the District Court's finding that Plaintiff did not have a property interest was reversed based solely

4

on the defendants' prior concession, and the District Court's analysis of the ordinance was not questioned.

Accordingly, Plaintiff has failed to establish a property interest in continued employment as chief of police. The statutes cited and the ordinance governing her removal all contain procedural requirements, but do not limit the discretion of the Village Manager in any substantive way. Defendant Beck-Fulgham is therefore entitled to summary judgment on Count III. As she is not liable, Plaintiff's *Monell* claim fails and summary judgment should also be granted in favor of the Village.

II. **Plaintiff has failed to establish a protected property interest as a police officer.**

Plaintiff summarily concludes she had a property interest in the position of police officer pursuant to 65 ILCS 5/10-2.1-17. Wilson was terminated as the police chief, not as a police officer. She provides no basis for the conclusion that she was entitled to termination protections of a police officer as police chief. The Illinois Municipal Code provides that a police chief may be considered on furlough from her rank within the department if certain criteria is met and may revert to her prior rank under certain circumstances. **65 ILCS 5/10-2.1-4.** As argued in Defendants' Memorandum of Law in Support of Summary Judgment, none of these criteria were present in the case of Plaintiff. Plaintiff does not even cite to this provision as support for her argument that she was due the protections of a police officer.

Plaintiff fails to identify any authority for her assertion that she was considered a police officer and entitled to due process at the time of her termination. Accordingly, summary judgment should be entered in favor of Defendant Beck-Fulgham as to Count IV. The Monell

claim must also fail where there is no underlying constitutional violation and summary judgment should be entered in favor of the Village.

                                                Respectfully Submitted,

                                                **DEFENDANTS**

                                                By:    */s/ Lauren M. DaValle*
                                                           One of their attorneys

Michael J. McGrath
Robert Wilder
Lauren M. DaValle
Odelson, Murphey, Frazier & McGrath, LTD.
3318 W. 95th St.
Evergreen Park, IL 60805
(708) 424-5678
LDavalle@omfmlaw.com